IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARRIEN HANKS and ABDOULIE JENG<br><br>Plaintiffs,<br><br>v.<br><br>PRITCHARD GLOBAL SECURITY, LLC and LORENZO PRITCHARD, individually<br><br>Defendants. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

**COMES NOW**, Darrien Hanks ("Hanks") and Abdoulie Jeng ("Jeng") (collectively "Plaintiffs"), by and through the undersigned counsel, and files this Complaint against Pritchard Global Security, LLC ("PG Security") and Lorenzo Pritchard ("Pritchard") (collectively "Defendants") for failure to pay overtime wages for hours worked for Defendants in excess of 40 hours in a single workweek in violation of 29 U.S.C. § 207(a)(2)(C) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA").

1.

This is an action to recover unpaid overtime wages, liquidated damages, attorney's fees, expenses, and court costs arising from Defendants' failure to pay Plaintiff overtime wages as required by § 207(a)(2)(C) of the FLSA.

2.

PG Security is a for profit provider of managed security services with its principal place of business in the State of Georgia.

3.

Pritchard is the sole officer and manager of PG Security.

4.

While employed by Defendants, Plaintiffs occasionally worked for the Defendants for greater than 40 hours in a single workweek.

5.

Defendants paid Plaintiffs at their hourly rate of $10.00 per hour for the work that the Plaintiffs performed for the Defendants over 40 hours in a single workweek.

## JURISDICTION AND VENUE

6.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

7.

PG Security is a Georgia domestic limited liability corporation.

8.

Pritchard is a resident of the State of Georgia and the Northern District of Georgia.

9.

PG Security's principal place of business is within the Northern District of Georgia.

10.

Defendants' refusal to pay Plaintiffs' overtime wages and Plaintiffs' work for the Defendants resulting in Defendants' obligations to pay Plaintiffs' overtime wages occurred within the Northern District of Georgia.

11.

Venue in this district is proper.

## PARTIES

12.

Defendant Pritchard Global Security LLC., may be served with process through its Registered Agent, Lorenzo Pritchard, 3645 Marketplace Blvd, Atlanta, GA 30344.

13.

Defendant Lorenzo Pritchard may be served with process through the Principal office address, 3645 Marketplace Blvd, Atlanta, GA 30344.

14.

Plaintiffs are residents of the State of Georgia.

15.

Defendants hired Hanks as a security guard on or around October 15, 2019 to May 2021.

16.

Hanks voluntarily terminated his employment with the Defendants in or around May 2021.

17.

Defendants hired Jeng as a security guard on or around March 1, 2018.

Jeng voluntarily terminated his employment with the Defendants in or around November 2020.

18.

Defendants acted directly or indirectly in the interest of an employer in relation to the Plaintiffs.

19.

Defendants have annual gross sales of not less than $500,000.00.

20.

Defendants are subject to the provisions of 29 U.S.C. § 204 and 29 U.S.C. § 207.

21.

Defendants claim it is "Georgia's leading Security Guard and Executive Protection Agency."

22.

Plaintiffs were the Defendants' "employee" as that term has been defined by 29 U.S.C. § 203(e)(1).

23.

Defendants were the Plaintiffs' "employer" as that term has been defined by 29 U.S.C. § 203(d).

### IV.   FACTS

24.

Defendants hired Plaintiff Hanks on or around October 15, 2019.

25.

Defendants hired Plaintiff Jeng on or around March 1, 2018.

26.

Plaintiff Hanks ended his employment with the Defendants in or around May 2021.

27.

Plaintiff Jeng ended his employment with the Defendants in or around November 2020.

28.

Plaintiffs worked for the Defendants as Security Guards.

29.

While employed by the Defendants, the Plaintiffs performed non-exempt labor for the Defendant in their position as a Security Guard.

30.

While employed by the Defendants, Plaintiffs performed duties incident to guarding including securing construction sites and apartment buildings, and other such customary duties incident to the position.

31.

Defendants compensated the Plaintiffs on an hourly basis.

32.

Defendants initially compensated the Plaintiffs at a rate of $10.00 per hour.

33.

Defendants failed to compensate the Plaintiffs at one and one-half times their hourly rate for hours that the Plaintiffs worked for the Defendants over 40 in a single work week.

34.

Defendants paid the Plaintiffs their regular hourly rate for all hours that the Plaintiffs worked for the Defendants.

35.

Defendants were required to pay the Plaintiffs their hourly rate plus one half of their hourly rate for each hour that the Plaintiffs worked in excess of 40 hours in a single workweek.

36.

Defendants violated the FLSA by paying the Plaintiffs at their regular hourly rate instead one and one-half times their hourly rate for hours that the Plaintiffs worked in excess of 40 hours in a single work week.

37.

During the week of May 25, 2020, Hanks worked 84.0 hours for the Defendants.

38.

Defendants paid Hanks $10.00 per hour for all the hours that he worked during the week of May 25, 2020.

39.

Defendants paid Hanks a total of $713.95 for the work that he performed for the Defendants during the week of May 25, 2020.

40.

Defendants should have paid Hanks a total of $773.95 for work that he performed for the Defendants during the week of May 25, 2020.

41.

During the week of October 26, 2020, Hanks worked 91.0 hours for the Defendants.

42.

Defendants paid Hanks $10.00 per hour for all the hours that he worked during the week of October 26, 2020.

43.

Defendants paid Hanks a total of $766.51 for the work that he worked for the Defendants during the week of October 26, 2020.

44.

Defendants should have paid Hanks a total of $931.51 for work that he performed for the Defendants during the week of October 26, 2020.

45.

During the week of December 9, 2020, Hanks worked 86.0 hours for the Defendants.

46.

Defendants paid Hanks $10.00 per hour for the hours that he worked during the week of December 9, 2020.

47.

Defendants paid Hanks $708.72 for the work that he worked for the Defendants during the week of December 9, 2019.

48.

Defendants should have paid Hanks a total of $798.72 for work that he performed for the Defendants during the week of December 9, 2020.

49.

In May, October, and December 2020, Hanks worked overtime hours for the Defendants for which he was not compensated at the FLSA overtime rate.

50.

Hanks voluntarily terminated his employment with the Defendants in or around May 2021.

51.

Defendants owe Hanks a total of $630.00 in overtime and liquidated damages. *See* Plaintiff's Exhibit A.

52.

During the week of March 30, 2020, Jeng worked 90.0 hours for the Defendants.

53.

Defendants paid Jeng $10.00 per hour for the hours that he worked during the week of March 30, 2020.

54.

Defendants paid Jeng $900.00 for the work that he performed for the Defendants during the week of March 30, 2020.

55.

Defendants should have paid Jeng $1,050.00 for the work that he performed for the Defendants during the week of March 30, 2020.

56.

During the week of April 13, 2020, Jeng worked 83.0 hours for the Defendants.

57.

Defendants paid Jeng $10.00 per hour for the hours that he worked during the week of April 13, 2020.

58.

Defendants paid Jeng $830.00 for the work that he performed for the Defendants during the week of April 13, 2020.

59.

Defendants should have paid Jeng $875.00 for the work that he performed for the Defendants during the week of April 13, 2020.

60.

During the week of April 27, 2020, Jeng worked 97.0 hours for the Defendants.

61.

Defendants paid Jeng $10.00 per hour for the hours that he worked during the week of April 27, 2020.

62.

Defendants paid Jeng $970.00 for the work that he performed for the Defendants during the week of April 27, 2020.

63.

Defendants should have paid Jeng $1,225.00 for the work that he performed for the Defendants during the week of April 27, 2020.

64.

During the week of May 16, 2020, Jeng worked 89.0 hours.

65.

Defendants paid Jeng $10.00 per hour for the hours that he worked during the week of May 16, 2020.

66.

Defendants paid Jeng $890.00 for the work that he performed for the Defendants during the week of May 16, 2020.

67.

Defendants should have paid Jeng a total of $1,040.00 for work that he performed for the Defendants during the week of May 16, 2020.

68.

During the week of June 22, 2020, Jeng worked 102.0 hours for the Defendants.

69.

Defendants paid Jeng $10.00 per hour for the hours that he worked during the week of June 22, 2020.

70.

Defendants paid Jeng $1,020.00 for the work that he performed for the Defendants during the week of June 22, 2020.

71.

Defendants should have paid Jeng $1,350.00 for the work that he performed for the Defendants during the week of June 22, 2020.

72.

During the week of July 6, 2020, Jeng worked 113.0 hours.

73.

Defendants paid Jeng at a rate of $10.00 per hour for the hours that he worked during the week of July 6, 2020.

74.

Defendants paid Jeng $1,625.00 for the work that he performed for the Defendants during the week of July 6, 2020.

75.

Defendants should have paid Jeng $1,050.00 for the work that he performed for the Defendants during the week of March 30, 2020.

76.

During the week of July 20, 2020, Jeng worked 85.0 hours.

77.

Defendants paid Jeng at a rate of $10.00 per hour for the hours that he worked during the week of July 20, 2020.

78.

Defendants paid Jeng $850.00 for the work that he performed for the Defendants during the week of July 20, 2020.

79.

Defendants should have paid Jeng $925.00 for the work that he performed for the Defendants during the week of July 20, 2020.

80.

During the week of August 21, 2020, Jeng worked 99.0 hours.

81.

Defendants paid Jeng at a rate of $10.00 per hour for the hours that he worked during the week of August 21, 2020.

82.

Defendants paid Jeng $990.00 for the work that he performed for the Defendants during the week of August 21, 2020.

83.

Defendants should have paid Jeng $1,425.00 for the work that he performed for the Defendants during the week of August 21, 2020.

84.

During the week of September 14, 2020, Jeng worked 84.0 hours.

85.

Defendants paid Jeng at a rate of $10.00 per hour for the hours that he worked during the week of September 14, 2020.

86.

Defendants paid Jeng $840.00 for the work that he performed for the Defendants during the week of September 14, 2020.

87.

Defendants should have paid Jeng $900.00 for the work that he performed for the Defendants during the week of September 14, 2020.

88.

During the week of September 28, 2020, Jeng worked 84.0 hours.

89.

Defendants paid Jeng at a rate of $10.00 per hour for the hours that he worked during the week of September 28, 2020.

90.

Defendants paid Jeng $840.00 for the work that he performed for the Defendants during the week of September 28, 2020.

91.

Defendants should have paid Jeng $900.00 for the work that he performed for the Defendants during the week of September 28, 2020.

92.

During the week of October 12, 2020, Jeng worked 89.0 hours.

93.

Defendants paid Jeng at a rate of $10.00 per hour for the hours that he worked during the week of October 12, 2020.

94.

Defendants paid Jeng $890.00 for the work that he performed for the Defendants during the week of October 12, 2020.

95.

Defendants should have paid Jeng $1,025.00 for the work that he performed for the Defendants during the week of October 12, 2020.

96.

In March, April, May, June, July, August, September, and October 2020, Jeng worked overtime hours for the Defendants for which he was not compensated at the FLSA overtime rate.

97.

Jeng worked overtime hours for the Defendants for which he was not compensated at the FLSA overtime rate. Defendants owe Jeng a total of $4,380.00 in overtime and liquidated damages. *See* Plaintiff's Exhibit B.

## COUNT I
## FAILURE TO PAY OVERTIME COMPENSATION
## IN VIOLATION OF FAIR LABOR STANDARDS ACT

98.

Plaintiffs repeat and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if each were set forth herein.

99.

Defendants violated the FLSA, 29 U.S.C. § 201 *et seq.* including but not limited to 29 U.S.C. § 207, by not paying the Plaintiffs one and one-half times is hourly rate for hours worked over 40 in a workweek.

100.

Pursuant to 29 U.S.C. § 207, Defendants were required to pay the Plaintiffs one and one-half times the Plaintiff's regular rate of pay for all hours worked more than 40 hours in a workweek.

101.

Defendants suffered and permitted Plaintiffs to routinely work more than 40 hours per week without overtime compensation as indicated by Plaintiffs Exhibit A and B.

102.

Defendants' actions, policies, and practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate the Plaintiffs at the FLSA overtime rate.

103.

Defendants knew or should have known that it was required to compensate the Plaintiffs at one and one-half his hourly rate for hours that the Plaintiffs worked for the Plaintiffs over 40 hours in a workweek.

104.

Defendants recklessly disregarded the FLSA overtime requirement.

105.

Defendants' violations of the FLSA were willful and in bad faith.

106.

Pursuant to 29 U.S.C. § 216, Plaintiffs are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully request that this Court:

(A) Grant Plaintiffs a trial by jury as to all triable issues of fact.

(B) Enter judgment against Defendants and award Plaintiffs unpaid overtime compensation.

(C) Enter judgment against Defendants and award the Plaintiffs liquidated damages in an amount equal to the Court's award of unpaid overtime compensation to the Plaintiffs.

(D) Enter judgement against the Defendants and award the Plaintiffs pre-judgment interest on unpaid wages and overtime compensation.

(E) Enter judgement against the Defendants and award the Plaintiffs court costs and expenses.

(F) Order the Defendants to pay the Plaintiffs' reasonable attorney's fees and expenses of litigation;

(G) Grant declaratory judgment declaring that the rights of the Plaintiffs have been violated and that Defendants willfully violated the FLSA;

(H) All other relief to which he may be entitled.

Respectfully submitted this 3rd day of September, 2021.

**MORGAN & MORGAN, P.A.**

*/s/ Anthony Dawkins*
Anthony Dawkins, J.D.
GA Bar No.: 157904
*Attorney for Plaintiffs*

191 Peachtree St. NE, Suite 4200
P.O. Box 57007
Atlanta, Georgia 3034
Phone: (404) 496-7265
Fax:    (404) 720-3839
adawkins@forthepeople.com