# Exhibit A

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement and General Release ("Agreement") is entered into on the date executed below by and between Darrien Hanks ("Hanks"), Pritchard Global Security, LLC and Lorenzo Pritchard (Pritchard Global Security, LLC and Lorenzo Pritchard will be collectively referred to as "Pritchard" or "Defendants") (Hanks, Pritchard Global Security, LLC and Lorenzo Pritchard will be collectively referred to as the "Parties") on their own behalf and on behalf of their respective, past and present parents, subsidiaries and affiliates, and their respective past and present heirs, owners, shareholders, predecessors, successors, assigns, partners, officers, directors, attorneys, agents, employees, and insurers.

1. **Non-Admission.** This Agreement does not constitute an admission by Pritchard of any violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purpose as evidence of an admission of liability or wrongful conduct of any kind. Pritchard contends that it timely and fully paid all wages owed to Hanks pursuant to the Fair Labor Standards Act ("FLSA") during his employment, and denies that it owes Hanks for any alleged unpaid wages or any other amount Hanks is claiming.

2. **No Other Claims.** The Parties agree and understand that Hanks filed a lawsuit titled <u>Darrien Hanks et al. v. Pritchard Global Security, LLC and Lorenzo Pritchard</u>, Civil Action Number 1:21-cv-03677-LMM pending in the United States District Court for the Northern District of Georgia, alleging a claim for unpaid overtime under the FLSA ("Lawsuit"). Hanks and Pritchard desire fully and finally to resolve any and all claims in the above Lawsuit and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Hanks against Pritchard or any other Released Parties (as defined below) relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. Hanks represents that no other charges, actions or claims are pending on Hanks' behalf, other than as set forth in this paragraph.

3. **No Other Claims for Wages.** Upon receipt of the proceeds specified in this Agreement, Hanks agrees that he has been fully paid for all hours worked for Pritchard Global Security, LLC and that he does not have any claims for wages, overtime, liquidated damages, attorney's fees, or any other claims against Pritchard or any other Released Parties.

4. **Court Approval of Settlement and Dismissal of Lawsuit.** Hanks agrees to take all action necessary to withdraw or otherwise close and dismiss with prejudice any and all claims currently pending against Pritchard or any other Released Party, including dismissal with prejudice of the Lawsuit in its entirety. Hanks further agrees to cooperate in obtaining court approval of this settlement and Hanks agrees to dismiss with prejudice the above-referenced Lawsuit, and Hanks understands that this settlement is contingent on dismissal with prejudice of the Lawsuit. The Parties will cooperate in the filing of a joint motion for approval of the settlement.

5. **Payment to or on behalf of Hanks.** In consideration for signing this Agreement and the promises contained in this Agreement, Pritchard agrees to pay to or on behalf of Hanks the total gross sum of SIX HUNDRED AND THIRTY DOLLARS ($630.00) which will be paid by two checks as follows: one check to Hanks for alleged back wages in the amount of $315.00, less appropriate payroll withholding as required by law and for which Defendants will issue an IRS Form W2 and one check to Hanks in the amount of $315.00

($215.00 of which is for alleged liquidated damages under the FLSA and $100.00 of which is for the general release of all non-FLSA claims and other terms of this Agreement) and for which Defendants will issue Hanks an IRS Form 1099.  Hanks agrees that his attorney is being compensated for all attorneys' fees and costs through a settlement agreement reached with Abdoulie Jeng and that the attorneys' fees and costs as laid out in Abdoulie Jeng's settlement agreement covers all attorneys' fees and costs related in any way to Hanks' claims against Pritchard, and Hanks agrees to indemnify and defend Pritchard against any claims for such fees and costs.

These checks will be mailed to Anthony Dawkins, Esq. at Morgan & Morgan, P.A. within 14 days after receipt of the final order from the Court approving this settlement and dismissing the Lawsuit with prejudice.  Hanks agrees to provide completed W-9 tax forms or other tax forms that may reasonably be requested from himself and his attorneys in relation to the above payments, and Hanks understand that delay in providing these forms may delay delivery of the checks.

6.     **Waiver and Mutual Release of All Claims.**  Hanks, on behalf of himself, his descendants, dependents, heirs, executors, administrators, assigns, and successors fully, finally and forever releases and discharges Pritchard Global Security, LLC and Lorenzo Pritchard and all of their past and present parents, subsidiaries, affiliates, shareholders, and owners thereof, and their respective past and present predecessors, successors, assigns, representatives, partners, officers, directors, insurers, agents and employees ("Released Parties") from any and all claims and rights of any kind that Hanks may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, any claims and rights arises out of or in way connected with Hanks' employment with Pritchard Global Security, LLC or the termination of Hanks' employment.  These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans with Disabilities Act, the Fair Labor Standards Act, Sections 503 and 504 of the Rehabilitation Act of 1973, the National Labor Relations Act, the Family Medical Leave Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or statutory laws, including any and all human rights laws and laws against discrimination, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, including, but not limited to fraudulent inducement to enter into this contract, and any and all claims for attorney's fees.  Hanks represents that he knows of no claim against any Released Party that he has that has not been released by this paragraph, and that the release in this paragraph is intended to release Pritchard and all other Released Parties from liability for any and all possible claims by Hanks, known or unknown, that exist or may exist as of the date of this Agreement.

7.     **Non-Interference with Government Investigations.**  Nothing in this Agreement shall interfere with Hanks' right to cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, or other federal or state regulatory or law enforcement agency.  However, to the fullest extent allowed by law, the promises and other consideration provided to Hanks in this Agreement shall be the sole relief provided to Hanks for the claims that are released herein, and Hanks will not be allowed to recover and hereby releases and waives any monetary benefits or recovery against any Released Parties in connection with any other claim, charge or proceeding without regard to who has brought such complaint or charge.  To the extent Hanks is awarded any form of monetary relief in subsequent proceedings against any Released Parties based on claims released herein, Hanks hereby assigns all such relief to Pritchard.

8. **Transfer of Claims.**  Hanks represents and warrants that he has not assigned, transferred or purported to assign or transfer, to any person, firm, corporation, association, or entity whatsoever, any released claim or the proceeds of any settlement payment under this Agreement.  Hanks agrees to indemnify and hold Pritchard harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorney's fees), causes of action or judgments based on or arising out of any such assignment or transfer.  Hanks further warrants that there is nothing that would prohibit Hanks from entering into this Agreement.

9. **No Future Employment.**  Hanks hereby understands and agrees that Hanks will not be re-employed by Pritchard Global Security, LLC or any other related entity in the future and that he will never knowingly apply to Pritchard Global Security, LLC, its subsidiaries, parents or divisions for any job or position in the future.  Hanks agrees that if he knowingly or unknowingly applies for a position and is offered or accepts a position with Pritchard Global Security, LLC, its subsidiaries, or divisions, the offer may be withdrawn and Hanks may be terminated without notice, cause, or legal recourse.

10. **Non-Disparagement.**  Hanks agrees not to criticize, denigrate, or otherwise disparage Pritchard Global Security, LLC or any of its current or former partners, owners, officers, directors, employees, agents or customer services.  This agreement shall not, however, prevent Hanks from making any truthful communication with any person regarding the existence of this action, the nature of the allegations made in this action, or the resolution of this action.

11. **Enforcement of Agreement.**  In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this settlement or to declare rights and/or obligations under this settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement action.

12. **Payment of Applicable Taxes.**  Except for amounts withheld from the above proceeds by Pritchard Global Security, LLC for employment taxes, Hanks is and shall be solely responsible for all federal, state and local taxes that may be owed by Hanks by virtue of the receipt of any portion of the monetary payment provided under this Agreement.  Hanks hereby agrees to indemnify and hold Pritchard and all other Released Parties harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding Hanks' portion of any tax obligations that may arise from the monetary consideration made to or on behalf of Hanks under this Agreement.

13. **Return of Company Property.**  Hanks acknowledges and agrees that Hanks has returned all of Pritchard's property in his possession or control.  If any of Pritchard's property is still in Hanks' possession or control, he agrees to return such property within ten (10) business days of this Agreement.

14. **Hanks is not a Medicare Beneficiary.**  Hanks affirms and warrants that he is not Medicare eligible, that he is not a Medicare beneficiary, and that he is not within thirty (30) months of becoming Medicare eligible; that he is not age 65 or older; that he is not suffering from end stage renal failure or amyotrophic lateral sclerosis; that he has not received Social Security benefits for twenty-four (24) months or longer; and/or he has not applied for Social Security benefits, and/or has not been denied Social Security disability

3

benefits and is appealing the denial. Hanks further affirms and warrants that he has made no claim for illness or injury against, nor is he aware of any facts supporting any claim against, Pritchard for medical expenses incurred by him before or after the execution of this Agreement. Because Hanks is not a Medicare beneficiary as of the date of this Agreement, he is not aware of any medical expenses which Medicare has paid and for which Pritchard is or could be liable now or in the future. Hanks is not aware of any liens of any governmental entities, including any liens for Medicare conditional payments, relating to him in any way.

15. **Entire Agreement.** This Agreement contains the entire agreement and understanding between Hanks and Pritchard with respect to any and all disputes or claims that Hanks has, or could have had, against Pritchard or any other Released Parties as of the date of this Agreement is executed, and this Agreement supersedes all other agreements between Hanks and Pritchard with regard to such disputes or claims. This Agreement shall not be modified unless in writing and signed by Hanks, Pritchard Global Security, LLC and Lorenzo Pritchard.

16. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the Parties agree to enter into a full and general release that is valid.

17. **Acknowledgment.** Hanks acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that Hanks enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Hanks further acknowledges and represents that he assumes the risk for any mistake of fact now known or unknown, and that Hanks understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Hanks also acknowledges: (a) that he has consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised to do so by Pritchard and (b) that he has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or his attorney's advice. Hanks acknowledges that the payment described in Paragraph 5 is good and sufficient consideration to support this Agreement. Hanks further understands and acknowledges that he is only releasing claims that arose prior to the execution of this Agreement.

18. **Waiver.** No waiver of any breach of any term or provision of this Agreement shall be, or shall be construed to be, a waiver of any other breach of this Agreement. No waiver shall be binding under this Agreement unless it is in writing and signed by the party waiving the breach.

19. **Execution.** This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The exchange of copies of this Agreement and of signature pages by facsimile transmission or by electronic mail as a .pdf file shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes.

20. **Headings.**  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

21. **Choice of Law.**  This Agreement is to be interpreted pursuant to the laws of Georgia, except where the application of federal law applies.  The Parties further agree that this Agreement may be enforced in any court of competent jurisdiction in Georgia, and the Parties hereby subject themselves to the jurisdiction of such courts in any such enforcement action.

THE PARTIES UNDERSTAND AND AGREE THAT THEY MAY BE WAIVING SIGNIFICANT LEGAL RIGHTS BY SIGNING THIS AGREEMENT, AND REPRESENT THAT THEY HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND WITH A FULL UNDERSTANDING OF AND IN AGREEMENT WITH ALL OF ITS TERMS.

IN WITNESS THEREOF, the Parties hereto have executed this Settlement Agreement and General Release on the dates provided below.

Darrien Hanks

*Darrien Hanks*
_____
Date: 11/13/2021

Lorenzo Pritchard

_____
Lorenzo Pritchard (Nov 15, 2021 16:08 EST)
Date: Nov 15, 2021


Pritchard Global Security, LLC

_____
Rohan Brown (Nov 15, 2021 14:14 EST)
Name: Rohan Brown
Title: Chief Operating Officer
Date: Nov 15, 2021

5

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement and General Release ("Agreement") is entered into on the date executed below by and between Abdoulie Jeng ("Jeng"), Pritchard Global Security, LLC and Lorenzo Pritchard (Pritchard Global Security, LLC and Lorenzo Pritchard will be collectively referred to as "Pritchard" or "Defendants") (Jeng, Pritchard Global Security, LLC and Lorenzo Pritchard will be collectively referred to as the "Parties") on their own behalf and on behalf of their respective, past and present parents, subsidiaries and affiliates, and their respective past and present heirs, owners, shareholders, predecessors, successors, assigns, partners, officers, directors, attorneys, agents, employees, and insurers.

1. **Non-Admission.**  This Agreement does not constitute an admission by Pritchard of any violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purpose as evidence of an admission of liability or wrongful conduct of any kind.  Pritchard contends that it timely and fully paid all wages owed to Jeng pursuant to the Fair Labor Standards Act ("FLSA") during his employment, and denies that it owes Jeng for any alleged unpaid wages or any other amount Jeng is claiming.

2. **No Other Claims.**  The Parties agree and understand that Jeng filed a lawsuit titled <u>Darrien Hanks et al. v. Pritchard Global Security, LLC and Lorenzo Pritchard</u>, Civil Action Number 1:21-cv-03677-LMM pending in the United States District Court for the Northern District of Georgia, alleging a claim for unpaid overtime under the FLSA ("Lawsuit").  Jeng and Pritchard desire fully and finally to resolve any and all claims in the above Lawsuit and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Jeng against Pritchard or any other Released Parties (as defined below) relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.  Jeng represents that no other charges, actions or claims are pending on Jeng's behalf, other than as set forth in this paragraph.

3. **No Other Claims for Wages.**  Upon receipt of the proceeds specified in this Agreement, Jeng agrees that he has been fully paid for all hours worked for Pritchard Global Security, LLC and that he does not have any claims for wages, overtime, liquidated damages, attorney's fees, or any other claims against Pritchard or any other Released Parties.

4. **Court Approval of Settlement and Dismissal of Lawsuit.**  Jeng agrees to take all action necessary to withdraw or otherwise close and dismiss with prejudice any and all claims currently pending against Pritchard or any other Released Party, including dismissal with prejudice of the Lawsuit in its entirety. Jeng further agrees to cooperate in obtaining court approval of this settlement and Jeng agrees to dismiss with prejudice the above-referenced Lawsuit, and Jeng understands that this settlement is contingent on dismissal with prejudice of the Lawsuit.  The Parties will cooperate in the filing of a joint motion for approval of the settlement.

5. **Payment to or on behalf of Jeng.**  In consideration for signing this Agreement and the promises contained in this Agreement, Pritchard agrees to pay to or on behalf of Jeng the total gross sum of EIGHT THOUSAND NINE HUNDRED AND EIGHTY FIVE DOLLARS AND FORTY EIGHT CENTS ($8,985.48) which will be paid by three checks as follows: one check to Jeng for alleged back wages in the amount of $2,190.00, less appropriate payroll withholding as required by law and for which Defendants will issue an IRS Form

W2; one check to Jeng in the amount of $2,190.00 ($1,500.00 of which is for alleged liquidated damages under the FLSA and $690.00 of which is for the general release of all non-FLSA claims and other terms of this Agreement) and for which Defendants will issue Jeng an IRS Form 1099; and one check to Morgan & Morgan, P.A. in the amount of $4,605.48 for attorney's fees and costs and for which Defendants will issue an IRS Form 1099.  Jeng agrees that the check to Morgan & Morgan, P.A. covers all attorneys' fees and costs related in any way to Jeng's claims against Pritchard, and Jeng agrees to indemnify and defend Pritchard against any claims for such fees and costs.

These checks will be mailed to Anthony Dawkins, Esq. at Morgan & Morgan, P.A. within 14 days after receipt of the final order from the Court approving this settlement and dismissing the Lawsuit with prejudice.  Jeng agrees to provide completed W-9 tax forms or other tax forms that may reasonably be requested from himself and his attorneys in relation to the above payments, and Jeng understand that delay in providing these forms may delay delivery of the checks.

6. **Waiver and Mutual Release of All Claims.**  Jeng, on behalf of himself, his descendants, dependents, heirs, executors, administrators, assigns, and successors fully, finally and forever releases and discharges Pritchard Global Security, LLC and Lorenzo Pritchard and all of their past and present parents, subsidiaries, affiliates, shareholders, and owners thereof, and their respective past and present predecessors, successors, assigns, representatives, partners, officers, directors, insurers, agents and employees ("Released Parties") from any and all claims and rights of any kind that Jeng may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, any claims and rights arises out of or in way connected with Jeng's employment with Pritchard Global Security, LLC or the termination of Jeng's employment.  These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans with Disabilities Act, the Fair Labor Standards Act, Sections 503 and 504 of the Rehabilitation Act of 1973, the National Labor Relations Act, the Age Discrimination in Employment Act, the Family Medical Leave Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or statutory laws, including any and all human rights laws and laws against discrimination, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, including, but not limited to fraudulent inducement to enter into this contract, and any and all claims for attorney's fees.  Jeng represents that he knows of no claim against any Released Party that he has that has not been released by this paragraph, and that the release in this paragraph is intended to release Pritchard and all other Released Parties from liability for any and all possible claims by Jeng, known or unknown, that exist or may exist as of the date of this Agreement.

7. **Non-Interference with Government Investigations.**  Nothing in this Agreement shall interfere with Jeng's right to cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, or other federal or state regulatory or law enforcement agency. However, to the fullest extent allowed by law, the promises and other consideration provided to Jeng in this Agreement shall be the sole relief provided to Jeng for the claims that are released herein, and Jeng will not be allowed to recover and hereby releases and waives any monetary benefits or recovery against any Released Parties in connection with any other claim, charge or proceeding without regard to who has brought such complaint or charge.  To the extent Jeng is awarded any form of monetary relief in

2

subsequent proceedings against any Released Parties based on claims released herein, Jeng hereby assigns all such relief to Pritchard.

8.  **Transfer of Claims.**  Jeng represents and warrants that he has not assigned, transferred or purported to assign or transfer, to any person, firm, corporation, association, or entity whatsoever, any released claim or the proceeds of any settlement payment under this Agreement.  Jeng agrees to indemnify and hold Pritchard harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorney's fees), causes of action or judgments based on or arising out of any such assignment or transfer.  Jeng further warrants that there is nothing that would prohibit Jeng from entering into this Agreement.

9.  **No Future Employment.**  Jeng hereby understands and agrees that Jeng will not be re-employed by Pritchard Global Security, LLC or any other related entity in the future and that he will never knowingly apply to Pritchard Global Security, LLC, its subsidiaries, parents or divisions for any job or position in the future.  Jeng agrees that if he knowingly or unknowingly applies for a position and is offered or accepts a position with Pritchard Global Security, LLC, its subsidiaries, or divisions, the offer may be withdrawn and Jeng may be terminated without notice, cause, or legal recourse.

10. **Non-Disparagement.**  Jeng agrees not to criticize, denigrate, or otherwise disparage Pritchard Global Security, LLC or any of its current or former partners, owners, officers, directors, employees, agents or customer services.  This agreement shall not, however, prevent Jeng from making any truthful communication with any person regarding the existence of this action, the nature of the allegations made in this action, or the resolution of this action.

11. **Enforcement of Agreement.**  In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this settlement or to declare rights and/or obligations under this settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement action.

12. **Payment of Applicable Taxes.** Except for amounts withheld from the above proceeds by Pritchard Global Security, LLC for employment taxes, Jeng is and shall be solely responsible for all federal, state and local taxes that may be owed by Jeng by virtue of the receipt of any portion of the monetary payment provided under this Agreement.  Jeng hereby agrees to indemnify and hold Pritchard and all other Released Parties harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding Jeng's portion of any tax obligations that may arise from the monetary consideration made to or on behalf of Jeng under this Agreement.

13. **Return of Company Property.**  Jeng acknowledges and agrees that Jeng has returned all of Pritchard's property in his possession or control.  If any of Pritchard's property is still in Jeng's possession or control, he agrees to return such property within ten (10) business days of this Agreement.

14. **Jeng is not a Medicare Beneficiary.**  Jeng affirms and warrants that he is not Medicare eligible, that he is not a Medicare beneficiary, and that he is not within thirty (30) months of becoming Medicare

eligible; that he is not age 65 or older; that he is not suffering from end stage renal failure or amyotrophic lateral sclerosis; that he has not received Social Security benefits for twenty-four (24) months or longer; and/or he has not applied for Social Security benefits, and/or has not been denied Social Security disability benefits and is appealing the denial. Jeng further affirms and warrants that he has made no claim for illness or injury against, nor is he aware of any facts supporting any claim against, Pritchard for medical expenses incurred by him before or after the execution of this Agreement. Because Jeng is not a Medicare beneficiary as of the date of this Agreement, he is not aware of any medical expenses which Medicare has paid and for which Pritchard is or could be liable now or in the future. Jeng is not aware of any liens of any governmental entities, including any liens for Medicare conditional payments, relating to him in any way.

15. **Entire Agreement.** This Agreement contains the entire agreement and understanding between Jeng and Pritchard with respect to any and all disputes or claims that Jeng has, or could have had, against Pritchard or any other Released Parties as of the date of this Agreement is executed, and this Agreement supersedes all other agreements between Jeng and Pritchard with regard to such disputes or claims. This Agreement shall not be modified unless in writing and signed by Jeng, Pritchard Global Security, LLC and Lorenzo Pritchard.

16. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the Parties agree to enter into a full and general release that is valid.

17. **Older Workers Benefit Protection Act ("OWBPA") Revocation Period.** Jeng acknowledges that he has been provided a period of not less than 21 days to review and consider the consequences of this Agreement and to obtain all advice he requires regarding the purpose and effect of the terms herein. Jeng has been advised in writing, and has been advised by Pritchard, to consult with an attorney of his choosing regarding the contents and consequences of this Agreement prior to signing this Agreement. Jeng understands that he may remove this Agreement within seven calendar days from the date of signing ("Revocation Period"), in which case this Agreement shall be null and void and of no force and effect on the Released Parties or Jeng and that this Agreement shall not become effective or enforceable until the Revocation Period has expired. Jeng further understands and acknowledges that to be effective, the revocation must be in writing and either delivered to, or sent certified mail, return receipt requested to Jackie R. Lee, 1100 Peachtree Street N.E., Suite 250, Atlanta, GA 30309 on or before the seventh calendar day after Jeng signs this Agreement.

By signing this Agreement, Jeng acknowledges that he has read this Agreement, is fully aware of and understands the terms of this Agreement and the legal effects of the Agreement, is voluntarily agreeing to those terms of his own free will, and intends to be legally bound. Jeng has chosen to execute this Agreement freely, without reliance upon any promises or representations made by Pritchard other than those contained in this Agreement. Jeng has knowingly and voluntarily entered into this Agreement and accepts the benefits described herein in exchange for the terms of this Agreement that inure to the benefit of the Released Parties, without duress, coercion, fraud, or undue influence.

18. **Acknowledgment.** **Jeng acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that Jeng enters into this Agreement without**

reliance upon any other representation, promise or inducement not set forth herein.  Jeng further acknowledges and represents that he assumes the risk for any mistake of fact now known or unknown, and that Jeng understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted.  Jeng also acknowledges: (a) that he has consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised to do so by Pritchard and (b) that he has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or his attorney's advice.  Jeng acknowledges that the payment described in Paragraph 5 is good and sufficient consideration to support this Agreement.  Jeng further understands and acknowledges that he is only releasing claims that arose prior to the execution of this Agreement.

19.     **Waiver.**  No waiver of any breach of any term or provision of this Agreement shall be, or shall be construed to be, a waiver of any other breach of this Agreement.  No waiver shall be binding under this Agreement unless it is in writing and signed by the party waiving the breach.

20.     **Execution.**  This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.  The exchange of copies of this Agreement and of signature pages by facsimile transmission or by electronic mail as a .pdf file shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes.

21.     **Headings.**  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

22.     **Choice of Law.**  This Agreement is to be interpreted pursuant to the laws of Georgia, except where the application of federal law applies.  The Parties further agree that this Agreement may be enforced in any court of competent jurisdiction in Georgia, and the Parties hereby subject themselves to the jurisdiction of such courts in any such enforcement action.

      THE PARTIES UNDERSTAND AND AGREE THAT THEY MAY BE WAIVING SIGNIFICANT LEGAL RIGHTS BY SIGNING THIS AGREEMENT, AND REPRESENT THAT THEY HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND WITH A FULL UNDERSTANDING OF AND IN AGREEMENT WITH ALL OF ITS TERMS.

      IN WITNESS THEREOF,  the Parties hereto have executed this Settlement Agreement and General Release on the dates provided below.

| Abdoulie Jeng | Lorenzo Pritchard |
|---|---|
| *Abdoulie Jeng* | *eAH* |
| _____ | Lorenzo Pritchard (Nov 15, 2021 16:07 EST) |
| Date: 11/9/2021 | Date: Nov 15, 2021 |

5

Pritchard Global Security, LLC

_____
Rohan Brown (Nov 15, 2021 14:13 EST)

Name: Rohan Brown

Title: Chief Operating Officer

Date: Nov 15, 2021